Pearson, J.
 

 It was error to allow the deposition of
 
 Ed
 
 
 *405
 

 ward Hopgood
 
 to be read in. evidence. It was taken in Petersburg, Virginia, on monday, which was the first day of the term, at which the case was to be tried in Warrenton, and on that day the parties, in contemplation of law, were expected to be at the place of trial, advising and consulting with their counsel as to the witnesses, and proofs, and other matters, connected with the cause; so it was unreasonable to require the plaintiff to attend in Petersburg on the same day.
 
 “
 
 By our law, it is deemed requisite to the purposes of truth, and justice, that one, against whom a deposition is to be read, should be present when it is taken, and be allowed to cross-examine. For that purpose, it prescribes a reasonable notice of the time and place of taking the deposition, so that the parties may be actually present; and no practice should be countenanced, -which tends to impair that right;”
 
 Sloan
 
 v. Williford, 3 Ire. Kep. 307. The principle of that case disposes of the question.
 

 Jordan
 
 v. Jordan, 17 Alabama Rep. 466, was cited in reply to the objection. There, one of the depositions was taken before, and the others on the first day of the term. The
 
 place
 
 of taking the deposition is not stated. The cause was in a court of chancery. It was held
 
 first:
 
 that the commission being returnable on the first day of the term, had not expired when the depositions were taken. It is unnecessary to say, whether we concur in this opinion or not; because our decision is not put ou the ground that the commission had expired. There may be a distinction between a commission, issuing from a court of equity, where it is in the ordinary course of the court to hear cases upon depositions, and a commission issuing from a court of law, which is out of the ordinary course of the court, and depends upon the provisions of a statute.
 

 Second.
 
 That the objection, for the want of notice, was not tenable, because
 
 there
 
 was a
 
 decree.pro
 
 confesso, made on notice of publication, and in such cases, the 10th rule of Chancery Practice, authorises the. deposition to be taken by proceeding exparte, without notice: so the decision has no bearing on our case.
 

 
 *406
 
 In reply to tlie suggestion, that it was a matter of
 
 mere discretion,
 
 to be exercised by his Honor in the Court below, either to receive, or reject the deposition, for the insufficiency of the notice, and consequently, it cannot be reviewed by this Court, it is sufficient to advert to the fact that, in
 
 Sloan
 
 v.
 
 Williford,
 
 sup., the decision, in respect to the admissibility of the deposition, was reviewed, and a
 
 venire de novo
 
 awarded for error in regard to it. Indeed, it is self-evident, that this cannot be a matter of mere discretion, as it would have been had the deposition been taken a few days before the commencement of the term, on a motion to continue upon the ground of surprise, and because the party wished for time to reply to the deposition. We do not enter upon the other points presented b3 the case, because the statement of facts differs, in' some particulars, from that made when the case was before us at June term, 1857, and as it goes back for another trial, we presume, if it comes up again, the parties will be compelled to have all the facts fully set out.
 

 There is error.
 
 Venire de novo.
 

 PeR CuetaM. Judgment reversed.